OPINION & ORDER
Earlwin Savior died on November 16, 2004. Prior to his death, he had maintained a home with Charlotte Good Soldier. He and Ms. Good Shoulder had a daughter, Samantha, but they never formally married.
Decedent’s sister Mavis Hernandez filed a Petition for Probate on February 8, 2005. The hearing on the petition was originally set for March 1, 2005 but was continued *163 five times, three times at the request of Leighton Reum, the lay counselor for Ms. Hernandez. Clayton Reum represented Charlotte Good Soldier. Melissa Buckles replaced Leighton Reum after he was suspended from practice.
The hearing was then set for October 13, 2005. Both Clayton Reum and Melissa Buckles were served with notice of the hearing. At the hearing, Clayton Reum asked for the hearing to be continued because his client—who he stated he had notified, was not present. (The judge notes that he later learned that his client was in a vehicle in the parking lot at the time of the hearing.) Ms. Buckles opposed any further continuance. The request for continuance was denied. The hearing was held and Judge Headress issued his decision granting the Petition to Probate the will on January 3, 2006.
The factual background is as follows. While hospitalized, the decedent wrote down his wishes concerning the disposition of his property, summoned family members to the hospital on October 4, 2004 and told them of his wishes. Decedent’s sister, Verbena Savior then typed up the notes in the form of a document entitled “To Whom it May Concern” (that refers to a power of attorney he granted to his daughter on November 4, 2004), and brought it to the hospital where decedent signed it. Witnesses testified that decedent was of sound mind when he signed the document. Verbena Savior and Mavis Hernandez were the witnesses.
The document prorides that decedent’s personal property should be divided between his daughters, his car to his brother, the household furnishings to Charlotte Good Soldier and his house to his nephew Carmen “Chad” Hernandez.
The appeal is based on two grounds: first, procedural and second, a challenge to the document filed for probate. The procedural issue, although not well explained has to do with the written evidence presented to the court. The argument is that the people who made the documents were not at the hearing to testify. By this, perhaps he means the person who typed it up, because the witnesses to the document did testify—according to the tidal judge’s decision. The second point is that the document is not a will. The trial judge found that it was a will.
The appeal is denied. The trial court considered carefully the evidence presented to it and interpreted the applicable law correctly. The result may seem unfair to Ms. Good Soldier. But her complaint is with the legislative body of the Tribes, not the court. We find no reasonable basis for appeal.
IT IS NOW, THEREFORE, THE ORDER OF THIS COURT THAT:
The matter is remanded to the Tribal Court for further proceedings thereon.